UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA WIEGER, on her own behalf and as Parent and Natural Guardian of S.P., a Minor,<br><br>*Plaintiff,*<br><br>vs.<br><br>MEAD JOHNSON & COMPANY LLC; MEAD JOHNSON NUTRITION COMPANY; and ABBOTT LABORATORIES,<br><br>*Defendants.* | Case No. 24-cv-11763 |

**PLAINTIFF'S EMERGENCY MOTION TO REMAND**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................................. 1

BACKGROUND ................................................................................................................................... 4

LEGAL STANDARDS ......................................................................................................................... 5

ARGUMENT ......................................................................................................................................... 6

    I.    The Voluntary/Involuntary Rule Bars Removal ................................................................. 7

    II.    Abbott's Removal Is Untimely ......................................................................................... 10

        A.    Abbott's Removal Occurred over Two Years after this Action Commenced ............ 10

        B.    Even Assuming Abbott is Correct Regarding Fraudulent Joinder, Abbott's Removal Occurred more than 30 Days after Removability was First Ascertainable ................. 12

    III.    The Court Should Award Ms. Collins Her Fees and Costs .............................................. 13

CONCLUSION .................................................................................................................................... 14

INTRODUCTION

Remand here is a foregone conclusion.[1] Abbott Laboratories and the Mead Johnson Defendants removed this case on the basis that a non-diverse defendant was fraudulently joined. Baseless allegations of fraudulent joinder was the same pretext for removal the last time they removed *this exact same case* more than two years ago.

Of the more than 40 times NEC defendants have removed our cases to federal court, here is a complete list of cases where removal was deemed appropriate:

- None

Of the more than 40 times NEC defendants have removed our cases to federal court, here is a complete list of cases where removal was deemed not appropriate:

- ***This*** case, *In re Abbott Labs. Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 7501283, at *4 (N.D. Ill. Oct. 12, 2022) (remanding with ***twenty-eight*** other cases)

- *Ennix v. Abbott Labs.*, No. 24-cv-61702, Dkt. 19 (S.D. Fla. Oct. 10, 2024) (attached as Ex. 1)

- *Hobson v. Mead Johnson & Co.*, 2024 WL 4371028, at *6 (S.D. Ill. Oct. 2, 2024)

- *In Abbott Laboratories Preterm Infant Nutrition Prods. Liab. Litig.*, 2024 WL 2132425, at *1 (N.D. Ill. May 13, 2024)

- *Mellenthin v. Mead Johnson & Co.*, 2023 WL 7017721, at *9 (E.D. Mo. Oct. 25, 2023)

- *In re Abbott Labs. Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 3716277, at *7 (N.D. Ill. Aug. 29, 2022) (remanding ***six*** more cases)

---

[1] Defendant Abbott Laboratories simultaneously removed six cases from Pennsylvania state court, this one and five others. Four of those cases were opened in the MDL earlier today; in addition to this one, there are *Abdullah v. Mead Johnson & Co.*, No. 24-cv-11759 (N.D. Ill.); *Carter v. Mead Johnson & Co.*, No. 24-cv-11760 (N.D. Ill.); *Stills v. Mead Johnson & Co.*, No. 24-cv-11765 (N.D. Ill.). All six cases have been removed before on the same basis of fraudulent joinder. The plaintiffs are represented by the same counsel and each is moving for remand. The motions filed in each case present the same issues and arguments and are identical aside from slight differences in facts that do not affect the resolution of these motions.

1

- *In re Abbott Labs. Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 2257182, at *10 (N.D. Ill. June 23, 2022) (remanding *four* more cases).

The only differentiator among these removed and remanded cases is whether the case gets removed before getting transferred to the MDL, which has happened several times. And the plaintiff in yet another case has moved for another remand that is currently pending before this Court. *Collins v. Mead Johnson*, No. 24-cv-7140 (N.D. Ill.).

Abbott's second removal of this case is even more baseless than the first. Plaintiff filed this suit in Pennsylvania state court well over two years ago in March 2022. Abbott's removal of this case to federal court in October 2024—one business day before the date the Court said it would give the parties a trial setting—is therefore untimely because a case cannot be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

The only exception to that strict bar is if "the district court finds that the plaintiff has acted in bad faith in order to prevent" removal. *Id.* Abbott's only asserted basis for bad faith is that the former non-diverse co-defendants Pennsylvania Hospital of the University of Pennsylvania Health System and the Trustees of the University of Pennsylvania (together, "Hospital Defendants") were fraudulently joined. But this Court already held that the Hospital Defendants were not fraudulently joined in this *exact case* when it rejected Abbott's previous removal. *In re Abbott Labs.*, 2022 WL 7501283, at *4 (N.D. Ill. Oct. 12, 2022). That holding is law of the case and there is no basis to reach a different result here.

Untimeliness aside, Abbott's removal is also barred by the voluntary/involuntary rule. The Hospital Defendants are Pennsylvania residents, meaning that the parties are not diverse. Abbott removed this case now only because the Hospital Defendants were dismissed in October 2024 over Plaintiff's objection. The voluntary/involuntary rule therefore bars removal.

2

Abbott knows the voluntary/involuntary rule precludes removal because in September 2024 Abbott removed another preterm infant formula case to federal court because nondiverse hospital co-defendants had been dismissed, and the federal court swiftly remanded the case. The court recognized that Abbott's arguments in support of removal were "nearly frivolous" and "misleading." Order at 6, *Ennix v. Abbott Labs.*, No. 24-cv-61702, Dkt. 19 (S.D. Fla. Oct. 10, 2024) (attached as Ex. 1, hereafter "*Ennix Order*").

Moreover, shortly after the state court here dismissed the Hospital Defendants, it effectively converted the dismissal with prejudice to a dismissal without prejudice and gave leave for Plaintiff to submit an amended complaint. That even the state court who issued the dismissal felt that facts could be pled to support the claim against the non-diverse defendant highlights that there is no fraudulent joinder here.

So, why did Abbott remove this case despite knowing that its removal is grossly untimely, its fraudulent joinder argument is meritless, and the voluntary/involuntary rule prohibits removal? Because Abbott is not trying to stay in federal court. Abbott wants only to delay Plaintiff's trial in summer 2025—especially after a St. Louis jury verdict awarded a plaintiff with similar claims a nearly $500 million judgment against Abbott. Jeff Bernthal, Fox2Now, *Baby Formula lawsuit in STL leads to $495M verdict*, https://fox2now.com/news/missouri/baby-formula-lawsuit-in-stl-leads-to-495m-verdict/ (Jul. 28, 2024).

But even the inevitable remand will be "relief" in name only for Plaintiff unless this Court remands quickly, as Abbott would have secured its precious months of delay and Plaintiff will have lost her summer 2025 trial date. Abbott's obstruction should not be countenanced. This Court should swiftly remand this matter to state court and award Plaintiff her attorneys' fees and costs to discourage continued dilatory removal attempts in the future.

**BACKGROUND**

Plaintiff is the mother of S.P., a minor child. Her family's life was forever changed by a devastating and often deadly disease called necrotizing enterocolitis ("NEC"). S.P. was born prematurely at Pennsylvania Hospital in Philadelphia, which was operated by Hospital Defendants, given cow's milk-based preterm nutrition products made by Abbott and/or Mead Johnson, and developed NEC shortly thereafter. NEC caused significant injuries in S.P.'s intestines, and she lives with the carry-on effects even today.

Abbott and Mead Johnson's cow's milk-based infant nutrition products drastically increase the risk that a premature infant like S.P. will develop NEC. On March 24, 2022, Plaintiff filed her original complaint in the Philadelphia Court of Common Pleas asserting claims against Abbott and Mead Johnson for strict liability design defect, strict liability failure to warn, negligence, intentional misrepresentation, and negligent misrepresentation. Dkt. 1 ¶ 1; *see* Ex. 2 ¶¶ 107–53. Plaintiff also asserted claims against the Hospital Defendants for failing to warn of the dangers of the cow's milk-based formula products they gave to S.P. and violating their duty of care owed to S.P. *Id.* ¶¶ 154–93.

In May 2022, Abbott removed this case and twenty-eight other cases filed in Pennsylvania state court that named hospitals as co-defendants. Abbott argued that the hospitals—including Hospital Defendants here—were fraudulently joined. This Court rejected Abbott's argument and remanded all twenty-nine cases to state court. *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *8 (N.D. Ill. Aug. 22, 2022) (holding that Plaintiff stated a viable claim against the Hospital Defendants); *In re Abbott Labs.*, 2022 WL 7501283, at *4 (granting remand).

This case continued for two years in state court, and Plaintiff zealously pursued her claims against the Hospital Defendants. Plaintiff engaged in substantial discovery with the Hospital

4

Defendants, including issuing over 80 written discovery requests to the Hospital Defendants, Ex. 3, and responding to the Hospital Defendants' document production requests and interrogatories, Ex. 4. In January 2024, Plaintiff deposed Hospital Defendants' corporate representative. Ex. 5.

The state court set the pretrial conference in this case for November 4, 2024, and court staff in October 2024 informed the parties that the court planned to schedule this case and others involving the Hospital Defendants "for trial beginning in May/June 2025." Ex. 6 at 1. On October 21, 2024, the state court granted the Hospital Defendants' motion to dismiss over Plaintiff's objections. Ex. 7.

On October 31, 2024, Abbott removed this case and the five others pending against Hospital Defendants to federal court. Dkt. 1.

And, on November 5, 2024, the court amended its prior dismissal order to clarify that Plaintiff was allowed to move for leave to amend its claims against the Hospital Defendants. Ex. 8.

## LEGAL STANDARDS

"The party seeking removal has the burden of establishing federal jurisdiction."[2] *Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909, 912 (N.D. Ill. 2021) (Pallmeyer, J.) (quoting *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009)). "The Seventh Circuit has cautioned that 'federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.'" *Id.* (quoting *Schur*, 577 F.3d at 758); *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013) ("[D]oubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court.").

---

[2] In a transferred case such as this, "the court applies the substantive state law of the transferor court" but "when considering matters of federal law raised by the motions, . . . the court applies the law of its own circuit." *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) (footnote omitted).

## ARGUMENT

Remand should be granted for two different reasons. *First*, the voluntary/involuntary rule prohibits removal because diversity exists solely because the Hospital Defendants were involuntarily dismissed. Abbott may argue that the Hospital Defendants were fraudulently joined, but this Court already rejected this same argument in this case two years ago. *Second*, Abbott's removal is untimely. 28 U.S.C. § 1446(c)(1) prohibits removal on the basis of diversity jurisdiction more than a year after a case commences, and Abbott's October 2024 removal occurred well over two years after this case began in March 2022. Abbott cannot avoid that strict bar as it cannot show that Plaintiff acted in bad faith by suing the Hospital Defendants, as demonstrated by Plaintiff zealously prosecuting her claims against them. Even if Abbott could show that the Hospital Defendants were fraudulently joined (and Abbott cannot), Abbott's removal is still untimely because that would have been ascertainable from Plaintiff's initial complaint failed in March 2022, and the time for Abbott to remove would have run out 30 days later in April 2022. 28 U.S.C. § 1446(b)(1), (3).

Abbott knew all of this before it removed. Abbott knew that the Hospital Defendants were not fraudulently joined because this Court held that two years ago. Abbott knew that the voluntary/involuntary rule barred removal based on the Hospital Defendants' dismissal because another court—addressing the same circumstances—held the same in early October 2024 before Abbott removed this case. And Abbott knew that its strategy to remove this case to delay the summer 2025 trial would work even if its removal was meritless.

To avoid rewarding Abbott's strategy and end Abbott's repeated misuse of removal as a tactic to delay trial, the Court should swiftly remand this case and award Plaintiff her attorneys' fees and costs because Abbott's removal was objectively unreasonable. Absent the Court imposing

6

some cost on Abbott for these frivolous tactics, Abbott will only continue to waste the federal judiciary's resources and frustrate justice.

## I. The Voluntary/Involuntary Rule Bars Removal

Abbott's removal violates the voluntary/involuntary rule because diversity exists only because of the state court's involuntary dismissal of the Hospital Defendants. *See* Dkt. 1 ¶¶ 8–9. The "'voluntary/involuntary rule' allows removal only when the plaintiff voluntarily dismisses a non-diverse defendant." *Maiden v. Liberty Mut. Ins. Co.*, 2016 WL 3227984, at *5 (C.D. Ill. June 3, 2016). The "voluntary/involuntary rule serves two purposes." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992). First, it preserves "judicial economy" by preventing cases from being moved back and forth between federal and state court because "[r]emoval following an involuntary dismissal may be only temporary" as the plaintiff could "reinstat[e]" the involuntarily dismissed party. *Id.* Second, the rule abides by the general "deference to the plaintiff's choice of forum" and "ensures that the plaintiff will not be forced out of state court without his consent." *Id.*

Accordingly, courts must remand a case removed to federal court based upon an involuntary dismissal. *See, e.g.*, *Maiden*, 2016 WL 3227984, at *6 (finding non-diverse defendant's "involuntary dismissal did not operate to make the case removable" and granting remand). Indeed, that is precisely what another federal court did when Abbott previously removed a preterm infant formula case to federal court after non-diverse hospital co-defendants were dismissed. *Ennix Order* at 5 ("[I]t is undisputed that the voluntary-involuntary rule applies to this action because the state court's order dismissing the Hospital Defendants resulted in complete diversity.").

An exception to the voluntary/involuntary rule exists if the dismissed defendant was fraudulently joined, but Abbott cannot satisfy its heavy burden to prove that the Hospital Defendants were fraudulently joined. "Absent false jurisdictional facts, a defendant seeking to

7

establish fraudulent joinder bears the 'heavy burden' of showing that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) ("*Abbott Labs I*") (quoting *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013)). "In other words, the defendant must show that the plaintiff's claims against non-diverse defendants have 'no chance of success.'" *Schumacher v. Sterigenics U.S., LLC*, 394 F. Supp. 3d 837, 847 (N.D. Ill. 2019) (Pallmeyer, J.) (quoting *Poulos*, 959 F.2d at 73). "This standard 'is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).'" *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3716277, at *4 (N.D. Ill. Aug. 29, 2022) (quoting *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 764 (7th Cir. 2009)). "[T]h[e] fraudulent joinder analysis includes no inquiry into the plaintiff's subjective intent or motive." *Id.* "Only if the defendant clears this high hurdle may the court disregard the citizenship of fraudulently joined parties." *Abbott Labs I*, 2022 WL 3586150, at *4.

Abbott cannot meet its burden to prove fraudulent joinder. This Court has already held that the Hospital Defendants are not fraudulently joined and rejected Abbott's arguments to the contrary. *Abbott Labs I*, 2022 WL 3586150, at *8; *In re Abbott Labs. Preterm Infant Nutrition Prod. Liab. Litig.*, No. 22 C 71, 2022 WL 7501283, at *4 (N.D. Ill. Oct. 12, 2022) ("*Abbott Labs II*"). The Court's prior orders are correct. Plaintiff has a viable claim against the Hospital Defendants for corporate negligence under Pennsylvania law for, among other things, failing to "implement[] policies or oversight to restrict the use of cow's-milk-based products for premature babies." *Abbott Labs I*, 2022 WL 3586150, at *8; Ex. 2 ¶¶ 154–93.

8

Not only are the Court's prior on-point decisions correct, but they are law of the case. "Under the law of the case doctrine, a ruling made in an earlier phase of a case controls throughout the proceedings." *Pierce v. Sys. Transp., Inc.*, 2004 WL 2481038, at *2 (N.D. Ill. Nov. 2, 2004). "[A] court has the power to revisit prior decisions of its own" but "as a rule courts should be loath[ ] to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Sterling Fire Restoration, Ltd. v. Wachovia Bank N.A.*, 2012 WL 5471122, at *2 (N.D. Ill. Nov. 9, 2012) (second alteration in original) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Abbott cannot point to any extraordinary circumstance that would justify reconsideration, so the Court's prior orders dictate remand here. *See Huff v. AGCO Corp.*, 2019 WL 1177970, at *2–3 (E.D. Ky. Mar. 13, 2019) (applying law of the case to earlier determination that defendant was not fraudulently joined because "simple application of law-of-the-case to rulings on fraudulent joinder saves judicial resources and assists in the smooth administration of justice").

Abbott may contend that the state court's dismissal of the Hospital Defendants justifies reconsideration of the Court's prior orders, but the state court's dismissal carries no weight in the fraudulent joinder analysis. *First*, fraudulent joinder should be "evaluated at the time that the defendants were joined, rather than in light of a subsequent ruling." *Durham v. Shiley Inc.*, 1994 WL 583351, at *3 (N.D. Ill. Oct. 21, 1994); *Poulos*, 959 F.2d at 73 n.4 ("[A] federal court considering fraudulent joinder in a case where the state court has come to judgment is not bound by the state court's decision."). *Second*, the fraudulent joinder standard is not the same as the motion to dismiss standard, and the fraudulent joinder "is even more favorable to the plaintiff than the standard that applies to a motion to dismiss." *In re Abbott Labs. Preterm Infant Nutrition Prods.*

9

*Liab. Litig.*, 2022 WL 3716277, at *4 (quoting *Schur*, 577 F.3d at 764). Thus, the analysis this Court applied in its prior orders is correct, and the state court's dismissal carries no weight.

Even if the state court opinion on the merits of Plaintiff's claims against the Hospital Defendants mattered, the state court has made clear that Plaintiff can try to replead her claims against them. The state court's November 5 order expressly allows Plaintiff to move to replead her claims against the Hospital Defendants. Ex. 8; *see Korein Tillery, LLC v. Advanced Analytical Consulting Grp., Inc.*, 2017 WL 4005926, at *4 (S.D. Ill. Sept. 12, 2017) (even though defendant's argument "may be enough to support dismissal of the complaint—without prejudice and with leave to replead—this pleading shortcoming does not show by clear and convincing evidence that Korein Tillery cannot establish a fraud cause of action" as "a court is likely to allow Korein Tillery leave to replead").

Because Abbott cannot prove fraudulent joinder, the voluntary/involuntary rule applies and the case must be remanded to state court.

## II. Abbott's Removal Is Untimely

A defendant must remove an action within 30 days of service of the initial complaint. 28 U.S.C. § 1446(b)(1). Alternatively, "if the case stated by the initial pleading is not removable," it may be removed within 30 days it can first be ascertained that a case is removable, *id.* § 1446(b)(3), but even then it must be removed within one year unless there is a showing of bad faith, *id.* § 1446(c)(1). Abbott's removal is untimely under every possible time limitation. The initial pleading was filed over *two years* before removal, and Abbott cannot establish bad faith.

### A. Abbott's Removal Occurred over Two Years after this Action Commenced

Abbott's removal of this case more than two years after it began is barred because "[a] case may not be removed" on the basis of diversity jurisdiction "more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c)(1). An exception to this strict bar exists if "the

10

district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.*

Here, Abbott's removal is untimely because, as Abbott acknowledges, Plaintiff filed her case in March 2022, Dkt. 1 ¶ 1, and Abbott removed more than two years later in October 2024. *See Harris v. JPMorgan Chase Bank, N.A.*, 2014 WL 12791025, at *1 (N.D. Ill. Jan. 7, 2014) (remanding "because the Plaintiff commenced the action more than a year prior" to removal).

Abbott cannot prove bad faith to avoid Section 1446(c)(1)'s one-year time limit. Abbott's only basis for bad faith is the alleged fraudulent joinder of the Hospital Defendants. Dkt. 1 ¶ 9. As explained above, this Court has already rejected Abbott's fraudulent joinder argument and there is no basis to reach a different outcome the second time.

Even assuming Abbott could prove fraudulent joinder (and it cannot), that alone is insufficient to prove bad faith. "[B]ad faith under § 1446(c)(1) requires a causal link showing that [p]laintiff has acted in bad faith *in order to prevent* a defendant from removing an action." *Fiala v. RMLS Hop Ill., LLC*, 2022 WL 159560, at *2 (N.D. Ill. Jan. 18, 2022) (quotation marks omitted) (alterations and emphasis in original); *McVey v. Anaplan, Inc.*, 2020 WL 5253853, at *3 (N.D. Ill. Sept. 3, 2020) ("[T]he bad-faith exception to the one-year timing requirement codified in Section 1446(c)(1) is *not* the same thing as the fraudulent joinder doctrine."). "The bad faith exception does not apply when other factors could have motivated the plaintiff's actions." *Fiala*, 2022 WL 159560, at *3.

The record shows that Plaintiff did not join the Hospital Defendants solely to prevent removal; she fully intends to hold the Hospital Defendants accountable for their tortious conduct. Plaintiff has zealously pursued her claims against the Hospital Defendants. For example, Plaintiff has engaged in substantial discovery with the Hospital Defendants, including issuing over 80

11

discovery requests to the Hospital Defendants, Ex. 3, and responded to the Hospital Defendants' document production requests and interrogatories, Ex. 4. In January 2024, Plaintiff deposed Hospital Defendants' corporate representative. Ex. 5. Plaintiff vigorously opposed the Hospital Defendants' dismissal and, following the guidance of the state court, will move to amend her complaint to rejoin the Hospital Defendants. *See Henning v. Barranco*, 2021 WL 5578767, at *4 (N.D. Ill. Nov. 30, 2021) (no bad faith where plaintiff's "conduct does not show that he does not intend to pursue his claim against" nondiverse defendant even if it "reflect[ed] less-than-diligent lawyering").

Abbott's removal is therefore untimely under Section 1446(c)(1) and the case must be remanded.

### B. Even Assuming Abbott is Correct Regarding Fraudulent Joinder, Abbott's Removal Occurred more than 30 Days after Removability was First Ascertainable

Even if removal was not barred by 28 U.S.C. § 1446(c)(1) and assuming that Abbott is correct about fraudulent joinder (which it is not), removal is still untimely because it was filed more than 30 days after it was first ascertainable that this case was removable. Normally, a defendant has only 30 days to remove a case after the initial pleading is filed. 28 U.S.C. § 1446(b)(1). That window can only be extended "if the case stated by the initial pleading is not removable." *Id.* § 1446(b)(3).

Here, however, assuming Abbott is correct that the Hospital Defendants were fraudulently joined, then the initial complaint in these cases *was* removable. Under Seventh Circuit precedent, if a party believes a nondiverse defendant is fraudulently joined, then they should "remove[] within 30 days following service of the complaint, not within 30 days following" the dismissal of the nondiverse party. *Poulos*, 959 F.2d at 73 n.4. Indeed, Abbott previously removed this case on exactly that basis. Notice of Removal ¶¶ 35–56, *Wieger v. Mead Johnson & Co., LLC*, No. 22-cv-

12

2519, Dkt. 1 (N.D. Ill. May 3, 2022). Accordingly, the 30-day time period in Section 1446(b)(1) applies, and Abbott's removal more than two years after the complaint was filed is untimely. *See Craig & Landreth, Inc. v. Protective Prop. & Cas. Co.*, 2024 WL 379821, at *4 (S.D. Ind. Feb. 1, 2024) (where fraudulent joinder was ascertainable from initial complaint, "Defendants' 30-day period in which to timely file a notice of removal and assert the fraudulent joinder argument began ticking when they received a copy of the initial complaint"); *Lenzenhuber v. Misonix, Inc.*, 2023 WL 3250723, at *6 (E.D. Mo. May 4, 2023) ("If the defendant could have ascertained fraudulent joinder from the face of the plaintiff's complaint, the defendant must remove the cause within 30 days of receipt of the initial pleading.").

### III.     The Court Should Award Ms. Collins Her Fees and Costs

28 U.S.C. § 1447(c) "authorizes a court to require payment of just costs, including attorney[s]' fees, as part of its remand order." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016). Such an award should be granted if the removing party "lacked an objectively reasonable basis for seeking removal." *Id.* at 915 (quotation marks omitted).

Abbott's removal is a continuation of its pattern of frivolously removing actions to federal court solely for purposes of delay. Indeed, Abbott has repeatedly removed dozens of cases to federal court—including this very case—on the ground that its hospital co-defendants were fraudulently joined, and each effort has been rejected. *See In re Abbott Labs.*, 2022 WL 7501283, at *4 ("reject[ing] Abbott's fraudulent-joinder theory as to the substance of Plaintiffs' tort claims against the Hospital Defendants"); *Ennix Order* at 6 (rejecting Abbott's "nearly frivolous" fraudulent joinder argument); *In re Abbott Labs.*, 2022 WL 3716277, at *7 ("Abbott has not carried its heavy burden of proving that . . . a hospital defendant cannot be held liable for negligent failure to warn."). Abbott is also well aware that the voluntary/involuntary rule bars removal based on the involuntary dismissal of a nondiverse hospital co-defendant. *Ennix Order* at 3–5 (observing it was

13

"undisputed that the voluntary-involuntary rule applie[d] . . . because the state court's order dismissing the Hospital Defendants resulted in complete diversity"). Abbott therefore knew before it removed this case that remand was inevitable.

Undeterred by repeated remands and knowing that this case would be remanded, Abbott nonetheless removed this action on the eve of the pretrial conference solely to prevent this case from proceeding to trial in summer 2025. Abbott is content to waste the federal judiciary's time and resources by asserting meritless positions in order to secure months of delay. Indeed, Abbott's counsel in another case involving a hospital co-defendant was sanctioned in October 2024 for, among other things, "repeatedly engag[ing] in dilatory litigation tactics." Order at 2, *K.W. v. St. Louis Children's Hosp.*, No. 2222-CC06214 (Oct. 24, 2024) (attached as Ex. 9). Absent the imposition of attorneys' fees and costs, Abbott will continue to engage in such dilatory tactics.

To avoid having to litigate this issue and consume the Court's resources, Plaintiff's counsel reached out to Abbott's counsel prior to filing this motion and asked that Abbott withdraw its removal and offered to not seek costs and fees if Abbott did so. Ex. 10 . Abbott's counsel did not respond.

Because Abbott's removal was objectively unreasonable and made solely for the purpose of delay, the Court should award Plaintiff her attorney's fees and costs. *See Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d at 914.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion to remand and award costs and fees.

Respectfully submitted,

/s/ *Benjamin Whiting*
Ashley Keller (ARDC # 6300171)

14

Benjamin J. Whiting (ARDC # 6307321)
**KELLER POSTMAN, LLC**
150 N. Riverside Plaza, Ste. 4100
Chicago, IL 60606
ack@kellerpostman.com
ben.whiting@kellerpostman.com

Tobias L. Millrood
Elizabeth A. Crawford
Timothy A. Burke
John P. O'Neill
**KLINE & SPECTER, P.C.**
1525 Locust St.
Philadelphia, PA 19102
Tel: (215) 772-1000
tobi.millrood@klinespecter.com
elizabeth.crawford@klinespecter.com
timothy.burke@klinespecter.com
jack.oneill@klinespecter.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                Respectfully submitted,

                                                */s/ Benjamin Whiting*
                                                Benjamin Whiting