# EXHIBIT 3

**KLINE AND SPECTER, P.C.**
By:    TOBIAS L. MILLROOD, ESQUIRE
        ELIZABETH A. CRAWFORD, ESQUIRE
        JOHN P. O'NEILL, ESQUIRE
Attorney I.D. No. 77764 / 313702 / 205677
1525 Locust Street
Philadelphia, PA   19102
(215) 772-1000 phone
(215) 792-5519 fax
Tobi.Millrood@klinespecter.com
Elizabeth.Crawford@KlineSpecter.com
Jack.Oneill@klinespecter.com
*Attorneys for Plaintiff*

| | |
|---|---|
| **GINA WIEGER, on her own behalf and as Parent and Natural Guardian of S.P. a Minor**<br><br>**PLAINTIFF**<br><br>**v.**<br><br>**MEAD JOHNSON & COMPANY, LLC**<br>**Illinois Corporation Service Co.**<br>**801 Adlai Stevenson Drive**<br>**Springfield, IL 62703**<br><br><br>**MEAD JOHNSON NUTRITION COMPANY**<br>**Illinois Corporation Service Co.**<br>**801 Adlai Stevenson Drive**<br>**Springfield, IL 62703**<br><br><br>**ABOTT LABORATORIES**<br>**CT Corporation System**<br>**208 So. LaSalle Street, Suite 814**<br>**Chicago, IL 60604**<br><br><br>**THE PENNSYLVANIA HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM d/b/a PENNSYLVANIA HOSPITAL**<br>**3400 Civic Center Blvd.**<br>**Philadelphia, PA 19104** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br><br>**CIVIL ACTION NO. 220302601**<br><br>**JURY TRIAL DEMANDED** |

1

**THE TRUSTEES OF THE UNIVERSITY OF
PENNSYLVANIA d/b/a PENN MEDICINE
133 South 36th Street
Philadelphia, PA 19104**

**DEFENDANTS**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
DIRECTED TO DEFENDANT, THE PENNSYLVANIA HOSPITAL OF THE
UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM d/b/a PENNSYLVANIA
HOSPITAL AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA d/b/a
PENN MEDICINE**

Plaintiff hereby requests you serve answers under oath, within thirty (30) days of service hereof, to each of these Interrogatories and Requests for Production propounded below pursuant to the Pennsylvania Rules of Civil Procedure. These Interrogatories and Requests for Production are continuing and, therefore, require supplemental answers from now until the time of trial, if you learn of any additional information called for herein, without further notice or request.

## <u>DEFINITIONS:</u>

1. "You" or "your" as used throughout these requests, refer to the defendants and include any and all of its officers, directors, agents, ostensible agents, and/or employees.

2. "Defendants" unless otherwise stated, shall refer to the Defendants named in the caption.

3. The term "person" shall refer to any natural person, partnership, or corporate entity, including any public agency or religious, fraternal, or philanthropic organization.

4. The term "document" as used herein in a comprehensive and broad sense and includes anything in your possession, custody or control or in the possession, custody or control of any of your expert witnesses or attorneys, whether past or present, and includes without limiting the generality of its meaning: work orders, invoices, letters, telegrams, intracorporate communications of any nature, reports, memoranda, minutes, bulletins, circulars, instructions, work assignments, handwritten notes, books working assignment papers, formal and informal sketches, drawings of any nature, microfilm, photographs, drafts, shorts, worksheets, advertisements, catalogues, periodicals, proving ground reports records, consultants, communications, experiments, videotapes, movie films, studies and other writings and physical

objects of whatever nature, including copies of mechanical and photocopy reproductions of any or all of the foregoing items.

5.      "Identify" or "specify," when used in reference to a natural person, means to state in the answer in each instance his/her full name, present or last known residence address, and his/her occupation or business, including the name and address of his present employer and position, if known.

6.      "Identify" or "specify," when used in reference to a writing or documents, means to state in the answer in each instance whether or not such documents is known to be in existence at the time of making the answer, and (a) the date, type of documents, e.g., letter, memorandum, number, and (b) the present or last known location and custodian of the document and all copies thereof.  If any such document is no longer in your possession or subject to your control, state what disposition was made of it, the date thereof, and identify the policy, rule, order or other authority by which such disposition was made.

7.      Identify" or "specify," when used in reference to a writing or documents, means to state in the answer in each instance whether or not such documents is known to be in existence at the time of making the answer, and (a) the date, type of documents, e.g., letter, memorandum, number, and (b) the present or last known location and custodian of the document and all copies thereof.  If any such document is no longer in your possession or subject to your control, state what disposition was made of it, the date thereof, and identify the policy, rule, order or other authority by which such disposition was made.

8.      "Describe" or "description," when used in reference to a document, shall include:

        a.  a summary of its substance;
        b.  its date;
        c.  its present or last known location;
        d.  the identify of its author;
        e.  the identity of its signer;
        f.  the identity of all addresses;
        g.  the identity of all recipients of the document;
        h.  the identity of its custodian;
        i.  the type of documents (e.g., letter, diary, expense account, etc.); and
        j.  the disposition made of it, if it is no longer in your control, and the date of such disposition. Your attention is directed to the requirement that a reasonably diligent inquiry must be undertaken to locate documents not immediately known or accessible.

9.      "Describe" or "description," when used in reference to any communication, shall include:

        a.  a summary of its substance;
        b.  its date;
        c.  its location;

3

    d.  its medium (for example, telephone, in person, etc.);
    e.  the identity of all persons participating in it;
    f.  the identity of all persons known or believed to have heard it; and
    g.  the identity of all documents which relate to it.

10.    "Describe" or "description," when used in reference to any occurrence, shall include:

    a.  a summary of its substance;
    b.  its date;
    c.  its location;
    d.  the identity of all persons participating in it; and
    e.  the identity of all persons known or believed to have witnessed it.

11.    Relating to" or "pertain to" shall refer to communications or documents, the contents of which embody, mention, describe, refer to, comment upon, record, corroborate, question, support, contradict, constitute or otherwise contain information or observations about the matter under inquiry.

## **INSTRUCTIONS:**

1.    Each paragraph and subparagraph of the following requests should be construed independently and answered in accordance with the above definitions. No other paragraph or subparagraph should be referred to or relied on for the purpose of limiting its scope.

2.    If in response to this request for production of documents, you withhold production of any document on the ground of privilege, please state with respect to each document:

    a.  the type of document involved and a general description of the contents of the document;

    b.  the names, business and residence addresses, the telephone numbers and position of the individual(s) from whom the documents emanated;

    c.  the names, business, written addresses and telephone numbers and position of each individual(s) to whom the document or copy of the document was sent;

    d.  the date of each document;

    e.  the privilege upon which said Defendant relies in withholding the document;

    f.  the facts upon which the Defendant relies in support of its claim that it is privileged to withhold such document;

    g.  the names, business and resident addresses and telephone numbers, and positions or occupations of individual(s) known or believed by Defendants to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the document;

    h.  the names, business and resident addresses and telephone numbers, and positions or occupations of individual(s) known or believed by Defendants

4

to have ever possessed this document.

3.      If any of these requests cannot be answered in full, please answer to the extent possible, specify the reason for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

4.      In accordance with Rule 4009.1 of the Pennsylvania Rules of Civil Procedure, you shall produce all documents within your possession, custody, or control that are responsive to the individual request and/or that are identified in response to a question.

5.      If any document sought herein has been misplaced, destroyed, erased and/or cannot be located, state the following separately and with specificity for each such document:

      a.   The request to which the document is responsive;
      b.   The date of the documents;
      c.   The type of document;
      d.   The subject matter of the document and its title;
      e.   All recipients of the document and the business, legal title, or position of each recipient;
      f.   Each person who authored the document and his or her business, legal title, or position.
      g.   The last known location of the document;
      h.   The reason that the document cannot be produced (e.g. misplaced, destroyed, etc.)

6.      If any response to these requests is made upon information and belief, you are directed to state the basis of such information and belief.

## <u>INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS:</u>

1.   Prior to answering these Interrogatories and Requests, did you make a diligent search of all documents related to this action and subject premises, as well as a diligent inquiry of all employees and agents within a view of obtaining all information available to this action?  Identify the full name and job title of the employee(s) who conducted the diligent search and inquiry.

**RESPONSE:**

2.   Identify and produce a full and complete copy of any and all EPIC system electronic medical records and/or raw data in your possession (whether part and parcel of a patient's medical chart or not) relating in any way to the care and/or treatment rendered to Plaintiff(s) during their admission to Defendants.

**RESPONSE:**

3.  Identify and produce any and all electronic medical records and/or raw data relating in any way to the care and/or treatment rendered to Plaintiff(s) during their admission to Defendants.

**RESPONSE:**

4.  Identify and produce any and all diagnostic studies performed on Plaintiff(s) during their admission to Defendants, including but not limited to any blood tests, x-rays, or other imaging, etc.

**RESPONSE:**

5.  Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to feeding commercial milk infant feeding products, including preterm infant formula and/or fortifier, to premature babies from 2002 until present.

**RESPONSE:**

6.  Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to additional monitoring for premature babies who receive commercial milk infant feeding products, including preterm infant formula and/or fortifier, from 2002 until present.

**RESPONSE:**

7.  Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to feeding of premature babies from 2002 until present.

**RESPONSE:**

8.  Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to consent forms related to giving  commercial milk infant feeding products, including preterm infant formula and/or fortifier, to premature babies from 2002 until present.

**RESPONSE:**

9.  Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to counseling parents as to feeding for premature babies from 2002 until present.

**RESPONSE:**

10. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to consent forms related to giving donor breast milk to premature babies from 2002 until present.

**RESPONSE:**

11. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to counseling for parents related to giving donor breast milk to premature babies from 2002 until present.

   **RESPONSE:**

12. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to the prevention of necrotizing entercolitis in premature babies from 2002 until present.

   **RESPONSE:**

13. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to the prevention of necrotizing entercolitis in premature babies from 2002 until present.

   **RESPONSE:**

14. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to the care and treatment of necrotizing entercolitis from 2002 until present.

   **RESPONSE:**

15. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to the care and treatment of necrotizing entercolitis in premature babies from 2002 until present.

   **RESPONSE:**

16. Identify and produce any and all documents that identify premature babies who were diagnosed with necrotizing entercolotis (names of babies and other identifying information redacted) from 2002 until present which includes (1) the gestational age of the baby; and (2) whether the baby received commercial milk infant feeding products, including preterm infant formula and/or fortifier.

   **RESPONSE:**

17. Identify and produce any and all documents pertaining, relating, and/or referring to policies and/or procedures pertaining to lactation consultants for mothers with premature babies.

   **RESPONSE:**

18. Identify how many lactation providers were on staff from 2002 to the present by number

per year.

**RESPONSE:**

19. Identify what year donor breast milk became available to mothers of premature babies in the Neonatal Intensive Care Unit.

**RESPONSE:**

20. Identify what year that it was known to Defendants that commercial milk infant feeding products, including preterm infant formula and/or fortifier, can increase the risk of necrotizing entercolitis in premature babies.

**RESPONSE:**

21. Are you a corporation? If so, please state:

      a.    the full and correct name of the corporation and all trade names;
      b.    the date you were incorporated;
      c.    the state of incorporation;
      d.    the place of incorporation; and,
      e.    the address of the principal place of business.

**RESPONSE:**

22. Are you a health care provider?

**RESPONSE:**

23. Identify all individuals with knowledge of the claims set forth in the Complaint. For each such person, state:

      a.    his or her name, home and business address and phone number, age and job classification;
      b.    the precise manner in which each such person acquired his or her knowledge and/or information; and
      c.    a concise statement of the knowledge and/or information held by each person. Identify and produce any and all written statements or documentation.

**RESPONSE:**

24. Identify and produce a copy of any and all contracts or agreements in any forms, oral or written, relevant to this lawsuit or to defendants herein (including contracts between you and any other named defendant).

**RESPONSE:**

25. Please identify and produce copies of any contracts for employment/hiring or similar writings between you and each and every other defendant.

**RESPONSE:**

26. Was any defendant part of and/or employed by a group or practice at the time of his/her respective care and treatment of plaintiffs? If so, identify the group and/or practice by name and address.

**RESPONSE:**

27. If you deny you are negligent as described in the Complaint, set forth the facts that support the basis of this contention.

**RESPONSE:**

28. Please state whether any disciplinary, legal or remedial actions were taken against anyone as a result of any care or treatment rendered to plaintiffs as described in the Complaint. If so, please state:

      a.    who took the action;
      b.    what action was taken and the consequences of each such action;
      c.    produce any and all documents related to the action, including documentations pertaining to termination, suspension, or other disciplinary action.

**RESPONSE:**

29. With respect to any incidents involving plaintiffs, are you aware of any writings or written reports made or distributed after the incident? If your answer is anything other than an unqualified "No", please set forth the following information specifically and in detail for each report and writing:

      a.    the title, date, author and each signatory;
      b.    the names, addresses, titles, occupations and relationship to the parties of each signatory;
      c.    the person or entity to whom the report was directed;
      d.    a summary of its contents;
      e.    the name, address, title, occupation and relationship to the parties of each person who possesses a copy of the report or is a custodian of the report; and
      f.    please produce all responsive writings and written reports with respect to the incident.

**RESPONSE:**


30. Do you contend that plaintiffs acted in such a manner as to cause or contribute to the injuries and illnesses from which plaintiffs suffered?  If so, give a full and complete statement of the facts upon which you rely to answer this Interrogatory.

**RESPONSE:**

31. Do you contend that any other person and/or business entity who is or is not a party to this action acted in such a manner as to cause or to contribute to the injuries and illnesses suffered by plaintiffs?  If so, give a full and complete statement of the facts upon which you rely to answer this Interrogatory.

**RESPONSE:**

32. Have you or anyone acting on your behalf obtained from any person any discoverable statement, under Pa. R.C.P. 4003.4, concerning this action or the subject matter?  If so, state:

    a. the name and last known address of each such person;
    b. when, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded;
    c. the name and address of any person who has custody of any such statements that were reduced to writing or otherwise recorded; and
    d. PLEASE CONSIDER THIS A REQUEST TO PRODUCE THOSE STATEMENTS REFERRED TO IN THE ABOVE ANSWER TO INTERROGATORY.

**RESPONSE:**

33. Have you, or anyone on your behalf, including any risk manager, department chairperson, insurance company, or other representative conducted any discoverable investigations of the treatment or care which is the subject matter of the Complaint?

**RESPONSE:**

34. If the answer to the previous Interrogatory is in the affirmative, please state:

    a. the name, address and employer of all persons who conducted any investigations;
    b. the dates of any reports of any investigations and the identity of the persons who have possession thereof;
    c. the dates of any investigations; and
    d. PLEASE CONSIDER THIS A REQUEST TO PRODUCE YOUR INVESTIGATIVE REPORTS, INCIDENT REPORTS, MATERIALS

AND THINGS, PURSUANT TO PENNSYLVANIA RULES OF CIVIL PROCEDURE 4003.1 and 4003.3.

**RESPONSE:**

35. Please state whether any interviews were conducted at any time regarding any of the subject matter in connection with the alleged incident upon which this suit is based. If so, please state in detail:

      a.    the date, time and place of said interview;

      b.    the name, address and job classification of the person interviewed;

      c.    was the interview written, recorded, taped or transcribed;

      d.    was the interview (written, recorded, taped or transcribed) signed by anyone;

      e.    the name, address and job classification of the person in whose custody the interview (tape, transcript, etc.) is at the present time; and

      f.    please produce a copy of all documents and materials that refer to, relate to or otherwise memorialize each interview.

**RESPONSE:**

36. Identify by name and current business address each physician or other health care provider who was known by you to be involved in plaintiffs' care, and for each such person, state the following:

      a.    identify the individual by title, including whether the provider was an attending physician, nurse, respiratory therapist, physician assistant, technician, resident physician/fellow (for all resident physicians and fellows, please identify their employer, state what year of residency or fellowship they were in and state what specialty the residency or fellowship was in), or other medical provider;

      b.    the time or times that the provider(s) was involved and the nature of the provider's involvement;

      c.    identify the employer(s) of these providers.

**RESPONSE:**

37. Produce copies of the **full and complete** credential files for each and every defendant including but not limited to copies of his/her application(s) for staff privileges and all documents submitted by or on behalf of him/her in support of his/her application(s) and renewal application(s) for staff privileges.

**RESPONSE:**

38. Describe the employment and/or agency relationship, if any, between or among you and each and every defendant.

**RESPONSE:**

39. State the amount of your charges for services rendered to plaintiffs, with an itemized statement of the amounts charged for each service and whether the charge/bill was paid and the source and date of payment.

**RESPONSE:**

40. State whether you and/or your agents explained to and/or discussed with plaintiffs, the nature of, alternatives to and/or risks associated with the course of treatment, including medication, tests and procedures you ordered for plaintiffs.

**RESPONSE:**

41. If your answer to the preceding Interrogatory is in the affirmative, state:

        a.      the date(s) of each explanation and/or discussion;
        b.      the substance of each explanation and/or discussion;
        c.      the identity of each party to the explanation and/or discussion;
        d.      the identity of each witness to the explanation and/or discussion; and
        e.      whether you provided any literature or other written documentation to plaintiffs, relating to the nature of, alternative to, and/or risks associated with the care and or treatment(s) that you ordered for plaintiff/plaintiff's decedent. IF SO, PLEASE CONSIDER THIS A REQUEST TO PRODUCE SUCH DOCUMENT OR DOCUMENTS.

**RESPONSE:**

42. Identify and produce full and complete copies of all written policies and procedures in effect during the time of care identified in the complaint and which relate to the care and treatment rendered to plaintiffs.

**RESPONSE:**

43. For each physician or other health care provider who was known by you to be involved in plaintiffs' care State the date(s) on which each and every physician applications for privileges and staff appointments were received.

**RESPONSE:**

44. State the date(s) the Credentialing Committee, or equivalent body, met and reviewed the documentation of each and every physician or other health care provider who was known by you to be involved in plaintiffs' care.

**RESPONSE:**

45. State whether any disciplinary history was uncovered for each and every physician or other health care provider who was known by you to be involved in plaintiffs' care. If so, state the date(s) on which the disciplinary history was learned and the nature of the discipline.

**RESPONSE:**

46. State whether there have been any alterations, additions, modifications or changes to any medical records relating to plaintiffs which are known to you. If yes, identify each and every such alteration, addition, modification, or change.

**RESPONSE:**

47. Has any metadata or other electronic data regarding the plaintiff/plaintiff's decedent's care and treatment been "scrubbed", erased or otherwise altered? If the answer to this Interrogatory is anything other than an unqualified "No",

    a.    describe in detail what data has been deleted or altered;
    b.    state all dates on which any data was deleted or altered;
    c.    identify the person(s) responsible for the deletion or alteration of any data.
    d.    NOTICE: THIS INTERROGATORY PLACES DEFENDANTS ON NOTICE THAT ALL METADATA OR OTHER ELECTRONIC DATA, IN ANY FORM, REGARDING THE CARE AND TREATMENT, SHOULD BE PRESERVED AND THAT NO METADATA OR OTHER ELECTRONIC DATA REGARDING THE PLAINTIFF'S CARE AND TREATMENT SHOULD BE ALTERED.

**RESPONSE:**

48. Identify the person(s) associated with you and responsible for and knowledgeable in the generation and maintenance of audit trails and maintenance of electronic medical records.

**RESPONSE:**

49. Please produce a true and correct copy of any reports of activity, audit trails or other documents with regard to any of the plaintiff's electronic medical records that have not been otherwise produced in response to other discovery requests.

**RESPONSE:**

50. Please produce a true and correct copy of any and all documents evidencing when electronic entries were made into plaintiffs' medical charts sufficient to identify the date of entry,

who inputted the entry, the timing of the entry, and the information that was inputted.

**RESPONSE:**

51. State the factual basis for all of your contentions made in your New Matter, Affirmative Defenses, and/or preliminary objections.

**RESPONSE:**

52. Identify and produce any and all records, writings, memoranda, correspondence/letters and other documents relevant to plaintiffs.

**RESPONSE:**

53. Identify and produce any and all medical records and bills relating to plaintiffs.

**RESPONSE:**

54. Identify and produce any and all communications, including written and/or electronic communications, including e-mails and text messages, related to the plaintiffs and/or the circumstances of this lawsuit. PLEASE CONSIDER THIS REQUEST AS NOTICE TO PRESERVE ANY AND ALL RESPONSIVE COMMUNICATIONS RELATED TO PLAINTIFF/PLAINTIFF'S DECEDENT.

**RESPONSE:**

55. State in typewritten form all entries on your medical records pertaining to plaintiff and attach to your answers.

**RESPONSE:**

56. Identify all fact witnesses who will be called to testify at trial.

**RESPONSE:**

57. Identify and produce any and all documents pertaining, relating, and/or referring to The University of Pennsylvania's research study entitled "Preterm Formula in ELBW infants Neurodevelopmental Effects of Donor Human Milk vs. Preterm Formula in ELBW Infants".

**RESPONSE:**

58. Identify and produce any and all documents pertaining, relating, and/or referring to studies published by employees of the Hospital of the University of Pennsylvania relating to NEC.

**RESPONSE:**

14

59. Identify and produce any and all documents pertaining, relating, and/or referring to studies published by employees of the Hospital of the University of Pennsylvania relating to preterm infant feeding products, including preterm infant formula and/or fortifier.

   **RESPONSE:**

60. Identify and produce any and all documents pertaining, relating, and/or referring to any and all beta-carotene studies conducted at or in consultation with Pennsylvania Hospital.

   **RESPONSE:**

61. Identify and produce any and all documents pertaining, relating, and/or referring Pennsylvania Hospital's practice of limiting breastmilk to a specific percentage of an infant's total calories in relation to any research studies or otherwise as a practice in the Neonatal Intensive Care Unit.

   **RESPONSE:**

62. Identify and produce any and all documents pertaining, relating, and/or referring to any sales representative on behalf of any formula manufacturers that solicited, or sold, infant formula products to you.

   **RESPONSE:**

63. Identify and produce any and all documents pertaining, relating, and/or referring to Mead Johnson's employee named Amalia Kramvis.

   **RESPONSE:**

64. Identify and produce any and all documents pertaining, relating, and/or referring to your employees attending any advisory board meetings hosted by a formula manufacturer.

   **RESPONSE:**

65. Identify and produce any and all documents pertaining, relating, and/or referring to incidences of metabolic acidosis observed in infants receiving cow's milk-based infant feeding products.

   **RESPONSE:**

66. Identify and produce any and all documents pertaining, relating, and/or referring to the program, "Targeted Neonatal Nutrityion: Outcomes that Matter in the NICU" on March 13-15, 2020.

**RESPONSE:**

67. Identify and produce any and all documents pertaining, relating, and/or referring to the purchase and/or use of Prolacta in the Neonatal Intensive Care Unit.

**RESPONSE:**

## PEER REVIEW AND PATIENT SAFETY INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

68. State whether there was a meeting at which issues related to the plaintiffs were discussed which is contended to constitute "peer review" under the Peer Review Protection Act, 63 P.S. § 425.1, et seq. (please answer Yes or No). If your answer is "yes," identify the following:

   a. The date each meeting was held;
   b. The location where each meeting was held;
   c. The participants at each meeting, including full names and positions;
   d. The name of the health care provider(s) who initiated the peer review; and
   e. Produce any and all documents related to said review.

**RESPONSE:**

State whether there were any meetings at which issues related to plaintiffs were discussed which is contended to constitute a "patient safety" meeting under the MCARE Act (please answer Yes or No). If your answer is "yes," identify the following:

   a. The date of each meeting(s);
   b. The location where each meeting(s) was held;
   c. The participants, by name and title, of the meeting members; and
   d. Whether any corrective action was taken as a result of that review and describe any corrective action taken;
   e. Produce any and all documents related to said review.

**RESPONSE:**

69. Did any Defendant, or any individual employee or agent of any Defendant, ever determine that a "serious event" or "incident" occurred with respect to plaintiff/injured party as set forth in the MCARE Act, 40 P.S. § 1303.302 and 308? If yes, identify:

   a. The identity of that individual;
   b. The date and time the report was prepared;
   c. State whether a report was prepared pursuant to the MCARE Act;

16

      d.   State whether the "serious event" or "incident" was reported to plaintiffs and/or immediate family; if yes, produce the written notification provided; and

      e.   State whether the serious event or incident was reported to the Pennsylvania Patient Safety Authority and identify the date and time such report was made.

    **RESPONSE:**

70. Identify and produce any and all documents created, disseminated, or reviewed by the meeting participants and/or created by any participant at any meeting referenced above, including but not limited to, memoranda, medical records, incident reports, meeting minutes, notes, timelines, and/or other document. If documents are withheld, please prepare a privilege log in accordance with the instructions preceding these requests.

    **RESPONSE:**

71. Identify and produce any and all communications to and amongst any of the meeting participants identified above related to plaintiffs and/or the care plaintiffs received that is at issue in this case, including electronic communications, memoranda, e-mails, and/or text messages.

    **RESPONSE:**

72. Produce any and all policies, procedures, or protocols that may govern or set forth the role, activities, responsibilities, and methods of "peer review" or the patient safety committee at the hospital, including any "patient safety plan."

    **RESPONSE:**

    **<u>INSURANCE INTERROGATORIES AND REQUESTS FOR PRODUCTION:</u>**

73. State whether you were covered by or were the subject of any policy of liability insurance, including excess insurance, for the injuries arising out of the instant case.

    **RESPONSE:**

74. If the answer to the previous Interrogatory is in the affirmative, state the following as to each such policy of insurance, including excess insurance:

      a.   The name of each insured under the policy;

      b.   The period of the policy;

      c.   The amount of coverage provided by the policy for bodily injury liability for each person, for each occurrence and in the aggregate;

      d.   The amount of coverage remaining for satisfaction of judgment in this case;

      e.   The type of policy; and

      f.   The name of the carrier by which the policy was issued.

**RESPONSE:**

75. If the answer to the previous Interrogatory is in the affirmative, state whether any exclusion under any such policy is or may be applicable to any claim presented by plaintiffs' civil action.

**RESPONSE:**

76. If the answer to the previous Interrogatory is in the affirmative, state the precise language of each exclusion which is or may be applicable, and in some form, the facts upon which it is contended each such exclusion is or may be applicable.

**RESPONSE:**

77. Has your excess liability carrier been informed of this claim?

**RESPONSE:**

78. State whether this case is being defended by the attorney who has entered his/her appearance on your behalf subject to a reservation of rights agreement between you and your insurance carrier.

**RESPONSE:**

79. If the answer to the previous Interrogatory is in the affirmative, as to each reservation of rights agreement, state the following:

      a.      The name of each party to the agreement;
      b.      The date the agreement was entered into; and
      c.      According to your information, what is the stated position of the carrier as to the reservation of rights?

**RESPONSE:**

80. State whether any such insurance agreement requires your consent for an out-of-court settlement in this litigation.

**RESPONSE:**

**<u>SCIENTIFIC AUTHORITY INTERROGATORIES AND REQUESTS FOR PRODUCTION:</u>**

81. Identify any and all scientific literature, textbooks, guidances, and or other authorities you relied upon from 2002 to present to establish your policies, procedures, and/or protocols pertaining to feeding of premature infants in the Neonatal Intensive Care Unit,

18

including full citations and dates that they were employed in policies, procedures, and/or protocols.

**RESPONSE:**

82. Produce any and all scientific literature, textbooks, guidances, and or other authorities you relied upon from 2002 to present to establish your policies, procedures, and/or protocols pertaining to feeding of premature infants in the Neonatal Intensive Care Unit.

**RESPONSE:**

**KLINE & SPECTER, P.C.**

BY:     */s/ Tobias L. Millrood*
        TOBIAS L. MILLROOD, ESQUIRE
        ELIZABETH A. CRAWFORD, ESQUIRE
        JOHN P. O'NEILL, ESQUIRE

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on June 22, 2023, I caused a true and correct copy of the foregoing instrument to be served by electronic mail to all counsel of record.


By:     */s/ Tobias L. Millrood*
        TOBIAS L. MILLROOD, ESQUIRE
        Attorney for Plaintiff

Dated: June 22, 2023