# EXHIBIT 4

**KLINE & SPECTER, P.C.**
By:    TOBIAS L. MILLROOD, ESQUIRE
        ELIZABETH A. CRAWFORD, ESQUIRE
        JOHN P. O'NEILL, ESQUIRE
Attorney I.D. No. 77764 / 313702 / 205677
1525 Locust Street
Philadelphia, PA   19102
(215) 772-1000 phone
(215) 792-5519 fax
Tobi.Millrood@klinespecter.com
Elizabeth.Crawford@KlineSpecter.com
Jack.oneill@klinespecter.com                    **Attorneys for Plaintiff**

|  |  |
|---|---|
| GINA WIEGER, on her own behalf and as Parent and Natural Guardian of S.P., a Minor, <br><br> *Plaintiff,* <br><br> v. <br><br> MEAD JOHNSON & COMPANY, LLC, et al., <br><br> *Defendants.* | **IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY** <br><br> **CIVIL TRIAL DIVISION** <br><br> **MARCH TERM 2022** <br> **NO.  2601** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS THE PENNSYLVANIA HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM D/B/A PENNSYLVANIA HOSPITAL AND THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA D/B/A PENN MEDICINE'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION**

Plaintiff Gina Wieger, on her own behalf and as Parent and Natural Guardian of S.P., a

Minor, through counsel, hereby objects and responds to Defendants The Pennsylvania Hospital of

the University of Pennsylvania Health System d/b/a Pennsylvania Hospital and The Trustees of

the University of Pennsylvania d/b/a Penn Medicine's Requests for Admission, Interrogatories,

and Requests for Production as follows:

**GENERAL OBJECTIONS**

1.  Plaintiff objects to the Requests to the extent that they seek information that is protected

from disclosure by the attorney-client privilege, the attorney work product doctrine or any other

recognized privilege.

1

2.   Plaintiff objects to the Requests to the extent that they require Respondents to search for and produce documents or information that are not within their possession, custody, or control.

3.   Plaintiff objects to the Requests to the extent they seek information or documents that cannot be located by Respondents after reasonably diligent inquiry, are readily available from public sources, or are available to Complaint Counsel from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

4.   Plaintiff objects to the Requests to the extent they seek legal conclusions and/or would require Respondents to reach a legal conclusion in order to prepare a response.

5.   Plaintiff reserves the right to amend or supplement her responses as additional information becomes available.

## **RESPONSES**

### **REQUEST FOR ADMISSION NO. 1**

Admit that you have not requested medical records from Pennsylvania Hospital relating to the admission(s) of S.P. to Pennsylvania Hospital that is the subject of the allegations set forth in paragraphs 11-13 of Plaintiff's Complaint.

**ANSWER:** Plaintiff objects to this Request as vague and ambiguous as to at least the term "relating to the admission(s)".  Plaintiff also objects to this Request to the extent it implies a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff denies.

### **INTERROGATORY NO. 1**

If your answer to Request for Admission No. 1 is anything other an unqualified admission, state the factual basis for your response and identify the date(s) that you requested medical records from Pennsylvania Hospital.

**ANSWER:** Plaintiff objects to this Request as vague and ambiguous as to at least the

term "from Pennsylvania Hospital". Plaintiff also objects to this Interrogatory as vague and ambiguous and to the extent it implies a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff ordered medical records from Pennsylvania Hospital on approximately November 1, 2021.

## REQUEST FOR PRODUCTION NO. 1

If your answer to Request for Admission No. 1 is anything other an unqualified admission, produce copies of all documents supporting your response, including but not limited to all documents relating to requests for medical records from Pennsylvania Hospital.

**RESPONSE**: Plaintiff objects to this Request as vague and ambiguous as to at least the term "from Pennsylvania Hospital". Plaintiff also objects to this Interrogatory as vague and ambiguous and to the extent it implies a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff will produce responsive documents once the Court enters a protective order (or the parties reach an agreement as to the confidentiality protections for document productions).

## REQUEST FOR ADMISSION NO. 2

Admit that you are not in possession of medical records from Pennsylvania Hospital relating to the admission(s) of S.P. to Pennsylvania Hospital that is the subject of the allegations set forth in paragraphs 11-13 of Plaintiff's Complaint.

**ANSWER**: Plaintiff objects to this Request as vague and ambiguous and to the extent it implies a legal conclusion. Subject to and without waiving the foregoing objections, denied.

## INTERROGATORY NO. 2

If your answer to Request for Admission No. 2 is anything other an unqualified admission, state the factual basis for your response and identify the date(s) that you obtained medical records

from Pennsylvania Hospital.

**ANSWER**: Plaintiff objects to this Request as vague and ambiguous as to at least the term "from Pennsylvania Hospital". Plaintiff also objects to this Interrogatory as vague and ambiguous and to the extent it implies a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff received medical records from Pennsylvania Hospital on or around September 26, 2022.

## REQUEST FOR PRODUCTION NO. 2

If your answer to Request for Admission No. 2 is anything other an unqualified admission, produce copies of all documents supporting your response, including all medical records received from Pennsylvania Hospital.

**RESPONSE**: Plaintiff objects to this Request as vague and ambiguous as to at least the term "from Pennsylvania Hospital". Plaintiff also objects to this Interrogatory as vague and ambiguous and to the extent it implies a legal conclusion. Subject to and without waiving the foregoing objections, Plaintiff. will produce responsive documents once the Court enters a protective order (or the parties reach an agreement as to the confidentiality protections for document productions).

Respectfully submitted,

**KLINE & SPECTER, P.C.**

Dated: April 3, 2023          By:     /s/ Tobias L. Millrood
                                        Tobias L. Millrood, Esq.
                                        Elizabeth A. Crawford, Esq.
                                        John P. O'Neill, Esq.
                                        1525 Locust Street
                                        19th Floor Philadelphia, PA 19102
                                        (215) 772-1000/(215) 772-1359 fax

                                        *and*

                                        Tracy Finken, Esq.

4

Paola Pearson, Esq.
**ANAPOL WEISS**
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 735-0773

*and*

Ashley Keller, Esq. (*pro hac vice forthcoming)*
Ben Whiting, Esq. (*pro hac vice forthcoming*)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

       I, Tobias L. Millrood, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Objections and Responses to Defendants The Pennsylvania Hospital of The University of Pennsylvania Health System d/b/a Pennsylvania Hospital and The Trustees of the University of Pennsylvania d/b/a Penn Medicine's Requests for Admission, Interrogatories, and Requests for Production was served by electronic mail on this date.

                                    /s/ Tobias L. Millrood
                                    Tobias L. Millrood, Esq.

Dated: April 3, 2023