# EXHIBIT 9

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

FILED
OCT 24 2024
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

K.W., a minor, by and through )
Next Friend, ELIZABETH WHITFIELD, )
)
Plaintiff, ) Cause No. 2222-CC06214
) Division No.: 22
v. )
)
ST. LOUIS CHILDREN'S HOSPITAL, )
et al., )
)
Defendants. )

## ORDER

Before this Court is Plaintiff's Motion for Sanctions. Plaintiff moves this Court to revoke Mr. James F. Hurst's pro hac vice admission to practice law in the State of Missouri pursuant to Rule 9.03 and Rule 6.01. Mr. Hurst was given notice of this Court's concerns with Mr. Hurst's conduct and Plaintiff's motion prior to the hearing of the same. Plaintiff has also moved the Court to enter an Order striking Defendants Abbott's pleadings. Defendant Abbott and Mr. Hurst argue that his conduct was in good faith and does not rise to the level of sanctions. Having been fully briefed, the Court now finds as follows:

"The purpose of allowing courts to impose sanctions based on their inherent authority is two fold: one, to allow the court to vindicate judicial authority without resort to the more drastic sanctions like contempt of court; second, to make a prevailing party whole for expenses caused by his opponent's obstinacy." *A.J.H. v. M.A.H.S.*, 364 S.W.3d 680, 682 (Mo. App. E.D. 2012), citation omitted. "The court may only sanction a party when that party has acted in bad faith." *Id.* "Bad faith" does not have a concrete definition, but it requires something more than bad judgment or negligence; bad faith imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also

1

embraces actual intent to mislead or deceive another." *State ex rel. Area 25 Trial Office v. Clayton*, 628 S.W.3d 263, 267 (Mo. App. S.D. 2021), quotation and citation omitted.

Throughout the course of this trial, Mr. Hurst has repeatedly toed the line of appropriate conduct both before the jury and outside the presence of the jury. Mr. Hurst's professional conduct has been reasonably called into question. Mr. Hurst has repeatedly either attempted to violate or overtly crossed the lines of the Court's Orders related to evidence and arguments before the jury. Most recently, during the direct examination of Dr. Stevenson, Mr. Hurst specifically admitted on the record to eliciting testimony and introducing evidence to intentionally inflame and prejudice the jury in a manner previously precluded by this Court. Additionally, Mr. Hurst's conduct appears to repeatedly engage in dilatory litigation tactics that thwart the judicial authority of this Court, Missouri Rules of Civil Procedure, and perhaps the Rules Governing the Missouri Bar and the Judiciary, which would prejudicially impact the parties' ability to receive a fair adjudication of this matter. It appears this conduct and these tactics are an intentional attempt to elicit a mistrial.

The Court now finds Mr. Hurst has acted in bad faith on several occasions. Therefore, he may no longer present argument or evidence to this Court or jury for the remainder of this trial. Mr. Hurst may remain in the courtroom but may not conduct any direct or cross examination, or object to or provide any arguments related to evidence. Any further violation of this Court's Order shall result in Mr. Hurst's removal from this litigation, revocation of his pro hac vice status in the State of Missouri, and subject him to further Orders from the Court. Finally, Plaintiff's motion to strike the pleadings is denied, at this time.

SO ORDERED: *[signature]*

Dated: October 24, 2024.   Michael W. Noble, Judge