UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA WIEGER, on her own behalf and as Parent and Natural Guardian of S.P., a Minor,<br><br>*Plaintiff,*<br><br>vs.<br><br>MEAD JOHNSON & COMPANY LLC; MEAD JOHNSON NUTRITION COMPANY; and ABBOTT LABORATORIES,<br><br>*Defendants.* | Case No. 24-cv-11763 |

**PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE THE BRIEFING
SCHEDULE ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff, by and through her undersigned counsel, for her Emergency Motion to Expedite the Briefing Schedule on Plaintiff's Motion to Remand[1] states:

This Court has already held that *this exact case* belongs in state court and rejected Defendant Abbott Laboratories' prior improper removal two years ago. *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 7501283, at *4 (N.D. Ill. Oct. 12, 2022). Undeterred and looking only to create prejudicial delay while avoiding future legal exposure, Abbott removed this case on the eve of the state court's November 4 pretrial conference where this case was going

---

[1] Defendant Abbott Laboratories simultaneously removed six cases from Pennsylvania state court, this one and five others. Four of those cases were opened in the MDL earlier today; in addition to this one, there are *Abdullah v. Mead Johnson & Co.*, No. 24-cv-11759 (N.D. Ill.); *Carter v. Mead Johnson & Co.*, No. 24-cv-11760 (N.D. Ill.); *Stills v. Mead Johnson & Co.*, No. 24-cv-11765 (N.D. Ill.). All six cases have been removed before on the same basis of fraudulent joinder. The plaintiffs are represented by the same counsel and each is moving for remand. The motions filed in each case present the same issues and arguments and are identical aside from slight differences in facts that do not affect the resolution of these motions.

to be set for trial in either May or June 2025. Ex. 1at 1. This is part of Abbott's broader strategy to use removal to shamelessly and baselessly remove cases from state to federal court.

Abbott's removal strategy is designed solely to delay trial. A jury has already found that Defendant Abbott Laboratories' cow's milk-based premature infant formula products cause causing necrotizing enterocolitis ("NEC") in premature infants—precisely what is at issue here. In a Missouri state court trial earlier this year, a jury awarded a family $495,000,000 in damages for Abbott's misconduct. Abbott understands that each NEC trial creates significant exposure to the company and therefore seeks to delay each trial as much as possible.

The process of shuttling this case from the proper forum of Pennsylvania state court to the Eastern District of Pennsylvania, and then finally to this Court, all so the parties can resubmit a remand motion that will inevitably be granted, will cause a _lengthy_ delay, as Abbott knows from dozens of other remanded preterm infant formula cases it improperly removed. *See, e.g.*, *In re Abbott Labs.*, 2022 WL 7501283, at *4 (remanding twenty-nine cases improperly removed by Abbott); *In re Abbott Labs. Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 3716277, at *7 (N.D. Ill. Aug. 29, 2022) (remanding six cases improperly removed by Abbott); *In re Abbott Labs. Preterm Infant Nutrition Prod. Liab. Litig.*, 2022 WL 2257182, at *10 (N.D. Ill. June 23, 2022) (remanding four cases improperly removed by Abbott). Most recently, in September 2024, Abbott removed another preterm infant formula case on the same grounds that it invokes here—non-diverse hospital co-defendants had been involuntarily dismissed and Abbott claimed they were fraudulently joined. The federal court swiftly remanded the case and observed that Abbott's arguments in support of removal were "nearly frivolous" and "misleading." Order at 6, *Ennix v. Abbott Labs.*, No. 24-cv-61702, Dkt. 19 (Oct. 10, 2024) (attached as Ex. 2).

2

Delay is all Abbott wants, however, as it will result in Plaintiff losing her May/June 2025 trial. That delay comes at a particularly heavy cost for Plaintiff, who is a parent caring for a child with ongoing and long-term health effects from ingestion of the infant formula products manufactured by Abbott and/or co-defendants Mead Johnson Nutrition Company and Mead Johnson & Co., LLC.

Abbott's removal here is no different than its earlier removal of this same case and the dozens before this that have been remanded to state court. As fully explained in Plaintiff's Motion to Remand ("Remand Motion") filed simultaneously with this motion, Abbott's removal is both untimely and barred by the voluntary/involuntary rule. Abbott's removal is untimely under 28 U.S.C. § 1446 as it was filed in October 2024, more than *31 months* after this case was originally filed in the Philadelphia County Court of Common Pleas in March 2022. That is well outside Section 1446(c)(1)'s one-year time limit on diversity-based removals. Abbott also purportedly removed because of the dismissal of former non-diverse co-defendants Pennsylvania Hospital of the University of Pennsylvania Health System and the Trustees of the University of Pennsylvania (together, "Hospital Defendants"). But it is black letter law that the voluntary-involuntary rule bars removal here because Plaintiff opposed the dismissal of Hospital Defendants—making their dismissal involuntary. *Maiden v. Liberty Mut. Ins. Co.*, 2016 WL 3227984, at *5 (C.D. Ill. June 3, 2016) (the "'voluntary/involuntary rule' allows removal only when the plaintiff voluntarily dismisses a non-diverse defendant"). Abbott also argues that the Hospital Defendants were fraudulently joined, but Abbott already made this argument *in this exact case* and this Court rejected it and remanded to state court. *In re Abbott Labs.*, 2022 WL 7501283, at *4. Abbott has no good faith basis to invoke this Court's diversity subject-matter jurisdiction.

3

Plaintiff urges the Court to expedite the briefing schedule on the Remand Motion to avoid rewarding these wasteful and transparent delay tactics and prevent plaintiff from losing her trial date next summer. *See, e.g., Dinwiddie Cnty. v. Purdue Pharma, L.P.*, No. 3:19-CV-242, 2019 WL 2518130, at *7 (E.D. Va. June 18, 2019) ("This extensive delay is a significant prejudice to [Plaintiff] as it will not be able to effectively prosecute its case even though there is no federal jurisdiction. Further, judicial efficiency will not be promoted because the case should proceed in state court as soon as possible since there is no federal jurisdiction in this case."). Other courts addressing remand motions filed in preterm infant formula cases have set expedited briefing schedules so that the resolution of this important issue need not wait idly for months. *See, e.g.*, Order, *Hobson v. Mead Johnson & Co.*, Dkt. 19, No. 24-cv-01615 (July 2, 2024) (expediting briefing on motion to remand); Order, *Mellenthin v. Mead Johnson & Co.*, Dkt. 12, No. 4:23-CV-1146 (E.D. Mo. Sept. 25, 2023) (same); *see also* Order at 10, *Ennix v. Abbott Labs.*, No. 24-cv-61702, Dkt. 19 (Oct. 10, 2024) (quickly granting remand of NEC case prior to transfer to MDL); *Hobson v. Mead Johnson & Co.*, 2024 WL 4371028, at *6 (S.D. Ill. Oct. 2, 2024) (same); *Mellenthin v. Mead Johnson & Co.*, 2023 WL 7017721, at *9 (E.D. Mo. Oct. 25, 2023) (same).

No new or novel issues are presented that the parties' counsel have not briefed in prior removals such that this matter is ripe for immediate remand. Abbott will not be prejudiced by the prompt disposition of this matter, whereas Plaintiff stands to endure irreparable prejudice from being unable to proceed to trial in May or June 2025.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an expedited briefing schedule on the Remand Motion as follows:

- Abbott's Opposition will be due on or before November 25, 2024.

4

- Plaintiff's Reply will be due November 27, 2024. Plaintiff may waive her right to a reply. Plaintiff urges the Court not to wait for the Reply to rule if it is satisfied that the issues have been fully addressed.

- Plaintiff respectfully submits that a hearing on this matter is unnecessary, but should the Court find otherwise, counsel for Plaintiff can be available anytime the Court deems fit.

        Respectfully submitted,

        /s/ *Benjamin Whiting*
        Ashley Keller (ARDC # 6300171)
        Benjamin J. Whiting (ARDC # 6307321)
        **KELLER POSTMAN, LLC**
        150 N. Riverside Plaza, Ste. 4100
        Chicago, IL 60606
        ack@kellerpostman.com
        ben.whiting@kellerpostman.com

        Tobias L. Millrood
        Elizabeth A. Crawford
        Timothy A. Burke
        John P. O'Neill
        **KLINE & SPECTER, P.C.**
        1525 Locust St.
        Philadelphia, PA 19102
        Tel: (215) 772-1000
        tobi.millrood@klinespecter.com
        elizabeth.crawford@klinespecter.com
        timothy.burke@klinespecter.com
        jack.oneill@klinespecter.com

        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                       Respectfully submitted,

                                                       */s/ Benjamin Whiting*
                                                       Benjamin Whiting