# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-cv-61702-RAR

**TIANA ENNIX**, *on her own behalf
and as representative of the estate of*
**IYIANA JOY MCLEOD**, *Deceased*,

    Plaintiff,

v.

**ABBOTT LABORATORIES**,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand, [ECF No. 9] ("Motion"), filed on September 17, 2024. Having reviewed the Motion; Defendant's Response, ("Response"), [ECF No. 17]; Plaintiff's Reply, ("Reply"), [ECF No. 18]; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## BACKGROUND

Tianna Ennix brings this suit on her own behalf and on behalf of her deceased infant, Iyiana Joy Mcleod. Mot. at 9. Iyiana was born prematurely in 2019 at a hospital owned and operated by Plantation General Hospital, L.P. and HCA Healthcare, Inc ("Hospital Defendants") in Broward County, Florida. *Id.* Iyiana was given a cow's milk infant nutrition product at the hospital, developed a condition called necrotizing enterocolitis, and subsequently died at 30 days old. *Id.*

On November 7, 2023, Ennix filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit of Broward County, Florida. *See* Notice of Removal at 1, [ECF No. 1]. Ennix asserted claims against Abbott for strict liability design defect, strict liability, failure to warn,

negligence, intentional misrepresentation, negligent misrepresentation, constructive fraud, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* Mot. at 3; Ex. A, [ECF No. 9-1]. Ennix also asserted a FDUTPA claim against the Hospital Defendants. *Id.*

The state court dismissed the FDUPTA claims, and on May 31, 2024, Ennix filed an amended complaint, which asserted claims for corporate negligence and violation of Fla. Stat. § 766.110 against the Hospital Defendants. *See* Mot. at 4; Ex. B, [ECF No. 9-2]. The Hospital Defendants moved to dismiss the amended complaint, arguing that Ennix's claim sounded in medical malpractice, and as such, her failure to provide pre-suit notice under Florida law warranted dismissal. *See* Mot. at 4–5. The state court agreed, and on September 13, 2024, granted the motion to dismiss, explaining that: "[T]he court finds the allegations sound in medical malpractice and are subject to Fla. Stat. [§] 766.106's pre-suit requirement. The defendants are dismissed without prejudice." *See* [ECF No. 18-2]. Within twenty-four hours, Abbott—the sole remaining defendant—removed the action to federal court. *See* Notice of Removal, [ECF No. 1].

## LEGAL STANDARD

A state court action may be removed to federal court when the federal courts have diversity or federal question jurisdiction. *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing 28 U.S.C. § 1441(a)). The removing party "bears the burden of proving that this Court has federal jurisdiction" and "establishing compliance with removal statute requirements." *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012); *see also Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1317–1318 (M.D. Ala. 2006) ("Where a plaintiff challenges the suitability of a defendant's removal petition, the burden of confirming that removal was proper falls upon the defendant . . . ."). Federal courts are directed to construe

removal statutes strictly, and accordingly, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

"When a case is removed based on diversity jurisdiction . . . the case must be remanded to state court if there is not complete diversity between the parties." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Moreover, "only a voluntary act by the plaintiff may convert a non-removable case into a removable one"—known as the voluntary-involuntary rule. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010). The voluntary-involuntary rule states that "an initially non-removable case cannot be converted into a removable one by evidence of the defendant or by an order of the court." *Id.* (internal citations omitted). Ergo, a case which only achieves complete diversity between the parties by an action of the defendant or an order of the court is not removable. *See Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (explaining that "if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed") (internal citations omitted).

There is an exception to the voluntary-involuntary rule: fraudulent joinder. "When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction," the joinder is fraudulent. *Henderson*, 454 F.3d at 1281. "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell*, 663 F.3d at 1332 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (alterations in original)). This burden is "a heavy one" because the standard by which a district court reviews assertions of fraudulent joinder is "a lax one." *Id.* at 1332–33.

Specifically, "[t]his standard differs from the standard applicable to a 12(b)(6) motion to dismiss" because "[i]n making this determination, federal courts are not to weigh the merits of a

plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* at 1333. Accordingly, "[i]f there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533, 1539–40 (11th Cir. 1993) (emphasis added). However, "when a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the case to state court." *Kimball v. Better Bus. Bureau of W. Fla.*, 613 F. App'x 821, 823 (11th Cir. 2015).

With these factors in mind, the Court must determine whether it has jurisdiction over Plaintiff's claims.

## ANALYSIS

In her Motion, Ennix asserts removal was improper because it violates the voluntary-involuntary rule given that the action only became removable when the state court dismissed the Hospital Defendants without prejudice. Mot. at 5–9. Ennix further asserts that none of the exceptions to the voluntary-involuntary rule apply and that Abbott's removal is solely to cause delay, which Ennix argues should warrant an award of attorney's fees and costs. Mot. at 9–13. Abbott counters that removal was not improper because joinder of the Hospital Defendants was fraudulent, and rather than cause delay, Abbott merely seeks to bring this action to the Northern District of Illinois for coordinated proceedings in an ongoing MDL—as such, it was not objectively unreasonable to remove the action and an award of attorney's fees is therefore unwarranted. *See generally* Resp. In reply, Ennix maintains the voluntary-involuntary rule precludes removal,

asserts there was no fraudulent joinder, maintains that Abbott's removal is untimely,[1] and expands on her request for an award of attorney's fees and costs. *See generally* Reply.

As an initial matter, it is undisputed that the voluntary-involuntary rule applies to this action because the state court's order dismissing the Hospital Defendants resulted in complete diversity. Accordingly, the instant dispute is whether the rule requires remand—or whether the joinder was fraudulent such that removal is appropriate.

### I. Fraudulent Joinder

The Eleventh Circuit has made clear that the standard under which a district court reviews an assertion of fraudulent joinder is not stringent, *see Stillwell*, 663 F.3d at 1333–34, and the burden on defendants to make such an assertion plausible is a heavy one, *see id.* at 1332–33. Fraudulent joinder can be established by asserting either: that there is no possibility that the claim against the resident defendant established a cause of action, or that the plaintiff fraudulently pled jurisdictional facts. *See Crowe*, 113 F.3d at 1538. But "[w]here a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). So, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007).

Here, Abbott primarily relies on the fact that the state court has dismissed both of Ennix's operative complaints in asserting that there was no possible cause of action pled. *See* Resp. at 6–7. There is no allegation that Ennix fraudulently pled jurisdictional facts. Abbott argues that the

---

[1] Because Ennix does not meaningfully raise an argument about the timeliness of removal in her opening Motion for Remand, this argument is waived and is not properly before this Court. *See United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

state court's disposition on each of those motions to dismiss is dispositive on the issue of fraudulent joinder. *Id.* at 5–6. This argument is unavailing—and nearly frivolous—for several reasons.

Starting with the second motion to dismiss, Abbott states that "the state court definitively concluded that plaintiff twice failed to state a cause of action against the Hospital Defendants." *Id.* at 6. This assertion, at least as to the second motion to dismiss, is patently false. The state court said "the court finds the allegations sound in medical malpractice and are subject to Fla. Stat. [§] 766.106's pre-suit requirement. The defendants are dismissed without prejudice." *See* [ECF No. 18-2]. The state court did not say that Ennix failed to state a claim or that it was "meritless" as Abbott claims it did; indeed, the court did not definitively conclude anything—except that Ennix failed to provide pre-suit notice. *See* Resp. at 7. That is a procedural requirement, not a substantive one, and to claim that the state court concluded anything *at all* about the merits beggars belief.

Second, Abbott's representations about the law are misguided and incomplete. Abbott relies on a non-binding case from 1989 that posits a two-prong system of review for assessing claims of fraudulent joinder that is deferential to state courts. Resp. at 5–6; *see also Katz v. Costa Armatori, S.p.A.*, 718 F. Supp. 1508 (S.D. Fla. 1989). Such reliance would be all well and good, if courts had ceased to create caselaw the year Taylor Swift was born. But unfortunately for Abbott, that did not happen. One court in particular—the Eleventh Circuit—whose rulings notably bind this Court, has ruled on issues related to fraudulent joinder. *See Stillwell*, 663 F.3d at 1332–35. Abbott cites to two Eleventh Circuit cases but fails to apply them in any way in asserting that removal was proper.

Moreover, Abbott's application of *Katz* is misleading. *Katz* does set out a two-prong system that begins in the first prong with the mechanics of Rule 12(b)(6) and a review of the complaint under state law. *Katz*, 718 F. Supp. at 1515. Abbott relies on the *Katz* court's statement that "If the state court has *denied* a motion to dismiss because the complaint stated a cause of

action, and that state's law is controlling, the federal court, out of deference to the state court, should consider the state court ruling as satisfying this first prong," to state boldly that a state court's *grant* of a motion to dismiss dispositively answers whether a claim had merit. *Id.*; *see also* Resp. at 6. Even if a grant of a motion to dismiss on substantive grounds dispositively proved fraudulent joinder (it does not), it would be quite difficult to imagine how it could be dispositive on a dismissal without prejudice based on a procedural error, as is the case here. *See, e.g.*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.").

Even more, Abbott merely mentions the second prong—which states that "the court must determine whether the plaintiff's attorney has satisfied the 'continuing duty' obligation of not maintaining a frivolous suit"—without applying it. *Katz,* 718 F. Supp. at 1515; *see also* Resp. at 6. There is no discussion of the continuing duty obligation. Instead, Abbott conclusorily states that a review of the record and the two dismissals "confirms that plaintiff's claims against those Defendants have always been frivolous"—a broad and unsupported assertion. Resp. at 6.

Abbott also attempts to shift the burden to Ennix to prove the joinder was not fraudulent: "She does not even attempt to argue that she currently has a viable claim against the Hospital Defendants in light of her failure to provide the presuit notice required under Florida law." Resp. at 7. Abbott feels this failure on Ennix's part should be dispositive, having seemingly forgotten that Abbott is the one that bears the burden of proving *both* that removal is proper *and* that the voluntary-involuntary rule does not apply because of fraudulent joinder. *See Stillwell*, 663 F.3d at 1332–35. Ennix does not bear the burden. *See, e.g.*, *Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 846 (11th Cir. 2013) ("The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is *very lenient*: 'federal courts are not to weigh the

Page 7 of 10

merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'") (citing *Stillwell*, 663 F.3d at 1333).

Lastly, "[i]n determining whether a possibility exists that the plaintiff could state a claim against the resident defendant, [the Court] look[s] 'to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court.'" *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (citing *Stillwell*, 663 F.3d at 1334). And "[u]nder Florida's pleading standards, Plaintiffs merely had 'to state a case showing a legal liability.'" *SFM Holdings, Ltd. v. Fisher*, 465 F. App'x 820, 821 (11th Cir. 2012) (quoting *Messana v. Maule Indus.*, 50 So. 2d 874, 876 (Fla. 1951)). Here, Ennix could achieve that by "alleging the requisite elements of a cause of action and pleading factual matter sufficient to apprise Plaintiffs' adversary of what the adversary is called upon to answer." *Id.* (cleaned up).

In Florida, "[t]he elements of a medical malpractice action are: (1) a duty by the physician, (2) a breach of that duty, and (3) causation." *Saunders v. Dickens*, 151 So. 3d 434, 441 (Fla. 2014). Notably, Abbott does not even mention the elements of medical malpractice under Florida law in its brief. However, Ennix fills that gap and explains in her Reply that in the amended complaint she alleges that:

> (1) the Hospital Defendants owed Plaintiff's daughter a duty of care; (2) the Hospital Defendants breached that duty by failing to implement policies and procedures that would have prevented the Hospital Defendants from facilitating Abbott's marketing scheme to foist its products on unsuspecting parents; and (3) the Hospital Defendants' breach of their duty caused Plaintiff's daughter to be exposed to Abbott's products, develop NEC, and pass away at thirty days old.

Reply at 6–7. Having reviewed this set of allegations—without assessing the merits as federal courts at this stage must—"[i]t is [] more than possible that a Florida state court would have concluded that Plaintiffs stated a cause of action." *SFM Holdings, Ltd.*, 465 F. App'x at 821; *see*

also *Crowe*, 113 F.3d at 1538 ("[F]ederal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.").

In sum, Abbott has not met its burden of proving that removal is proper or that Ennix's joinder was fraudulent. At no point does Abbott explain how Ennix's medical malpractice claim against the Hospital Defendants could not plausibly state a valid cause of action. *Cf., e.g.*, *Illoominate Media, Inc. v. CAIR Fla., Inc.*, 841 F. App'x 132, 135 (11th Cir. 2020) (explaining that "[t]he defendants, for their part, provided several sworn statements to buttress their claims that CAIR-Florida was fraudulently joined" to meet their burden of proving fraudulent joinder). Instead, Abbott primarily asserts that a procedural error creates a meritless claim. Resp. at 6–7. And although Abbott posits that it had "identified *three* other independent bases for dismissal" before the state court, *id*. at 7, Abbott fails to explain what those arguments are or why it is inevitable that Ennix's claims against the Hospital Defendants will be dismissed once the pre-suit notice requirement is satisfied under Florida law. Accordingly, because "defendants failed to show that the plaintiffs cannot state an arguable cause of action against the resident defendants," this Court "cannot say that the [Hospital] [D]efendants were fraudulently joined." *Pacheco de Perez*, 139 F.3d at 1381.

## II. Attorneys' Fees and Costs

Ennix requests attorneys' fees and costs associated with Abbott's removal. Mot. at 13. The federal removal statute, 28 U.S.C. § 1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." Awarding attorneys' fees and costs is a matter of discretion and dependent on whether the removing party "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). Here, though there are certainly issues with Abbott's removal of this action, it was not objectively unreasonable to do so. *Compare*

Page **9** of **10**

*Imperial Fund I, LLC v. Orukotan*, No. 21- 60162, 2021 WL 752577 (S.D. Fla. Feb. 25, 2021) (granting fees where every argument ran afoul of clearly established precedent) *with 2550 Retail LLC v. Mt. Hawley Ins. Co.*, No. 23- 22701, 2023 WL 11879557 (S.D. Fla. Oct. 18, 2023) (denying request for attorney's fees and remanding where no fraudulent joinder was found). Accordingly, the request for attorneys' fees and costs is **DENIED**.

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, [ECF No. 9], is **GRANTED**. This case is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiff's accompanying Motion for Attorneys' Fees and Costs is **DENIED**. The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida this 10th day of October, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**